UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WESTGATE CONDOMINIUM ASSOCIATION, INC., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    C.A. No.: <br> : |
| THE NETHERLANDS INSURANCE CO., and LIBERTY MUTUAL GROUP, INC., | : <br> : <br> : |
| Defendants. | : |

**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a), 1441, AND 1446**

TO THE CLERK OF THE COURT:  NOW COME defendants, The Netherlands Insurance Co. and Liberty Mutual Group, Inc. by and through their undersigned counsel, and respectfully remove the state court action described below to this Honorable Court under 28 U.S.C. §§ 1332(a), 1441, and 1446.[1]  Defendants state the following in support of this notice:

1. On or about March 8, 2017, plaintiff, Westgate Condominium Association, Inc., filed an action in the Superior Court of Rhode Island, Kent County.  The case is captioned <u>Westgate Condominium Association, Inc. v. The Netherlands Insurance Co., and Liberty Mutual Group, Inc.</u>, and bears the civil action number KC-2017-0250.

2. This notice of removal is filed timely under 28 U.S.C. § 1446(b).  The State of Rhode Island Department of Business Regulation, Insurance Division, was served with a copy of the state court Complaint and a Summons directed to The Netherlands on March 10, 2017.  The Insurance Division sent those documents by United States Certified Mail to The Netherlands on

---

[1] By removing this action, defendants do not waive, and expressly reserve, all defenses that they may have, including, that Liberty Mutual Group, Inc. is not a proper defendant as the policy at issue in this case was issued by The Netherlands Insurance Company.

March 13, 2017. The Insurance Division subsequently received a copy of the state court Complaint and a Summons directed to Liberty Mutual Group, Inc. on March 21, 2017 and, on information and belief after investigation, forwarded those documents to Liberty Mutual Group that same day.

3. A copy of the underlying state court complaint is attached hereto as Exhibit 1. A copy of the notice of filing of removal to the United States District Court for the District of Rhode Island, which was filed electronically contemporaneous to this filing with the Clerk of the Superior Court, Kent County, 222 Quaker Lane, Warwick, Rhode Island, is attached hereto as Exhibit 2.

4. A complete and attested copy of the state court record will be filed within fourteen (14) days following the filing of this notice of removal with this Court, in accordance with LR Cv. 81.

5. This action may be removed pursuant to 28 U.S.C. § 1441. It is a civil action over which the United States District Court for the District of Rhode Island has original jurisdiction under 28 U.S.C. § 1332(a).

6. The amount in controversy exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs under 28 U.S.C. § 1332(a). The Complaint seeks money damages, however, it does not demand a specific sum. See R.I. Gen. Laws § 9-1-30 (Demand for judgment in an action alleging personal injury, injury to property, or wrongful death – Exclusion of monetary amount).

7. The complaint alleges The Netherlands issued to plaintiff a commercial property and casualty insurance policy bearing number 8830005 and covering the Westgate Condominium in Warwick, Rhode Island (the "Policy"). (Compl. ¶ 7). The Complaint alleges

that fire "engulfed and caused the destruction of Building C" of that condominium for which claim was made to The Netherlands. (Compl. ¶¶ 8, 9). The Complaint alleges that The Netherlands has not paid plaintiff's claim for loss as required by the Policy. (Compl. ¶ 10).

8. Under 28 U.S.C. § 1446(c)(2) defendants assert that the amount in controversy exceeds $75,000. The applicable policy limit is $11,665,587. The Netherlands, after diligent investigation, determined the covered amount of loss totaled $5,650,618.64 which has been paid to the insured. The insured, during the claim adjustment, demanded payment of $7,597,387.00 and on information and belief continues to demand that sum for the claim that is at issue in this litigation. The amount in controversy ($1,946,768.36) comprises amounts that are not covered by the Policy, such as betterments of finishes for the individual condominium units, costs for structural and other improvements claimed as required by the operation of building codes in amounts that exceed applicable policy limits for such costs, and attorney fees.

9. There is complete diversity of citizenship between Westgate and the defendants under 28 U.S.C. § 1332(a).

10. The complaint alleges that Westgate is a non-profit corporation organized under the laws of the State of Rhode Island with a principal place of business in the Warwick, Rhode Island. (Compl. ¶ 1).

11. The complaint alleges, and The Netherlands agrees, that The Netherlands is organized under the laws of the State of New Hampshire with a principal place of business in Boston, Massachusetts. (Compl. ¶ 3).

12. The complaint alleges, and Liberty Mutual Group agrees, that Liberty Mutual Group is organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts. (Compl. ¶ 4).

WHEREFORE, defendants respectfully pray that the underlying state court action be removed to the United States District Court for the District of Rhode Island as all jurisdictional requirements are satisfied.

Dated:  April 6, 2017

Respectfully submitted,

Defendants The Netherlands Insurance Co. and Liberty Mutual Group, Inc.

By their attorney,


*/s/ James S. Harrington*
James S. Harrington, Esq.
RI Bar No. 7126

ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
Tel:  (617) 267-2300
Fax: (617) 267-8288
jharrington@robinskaplan.com

## CERTIFICATE OF SERVICE

      I, James S. Harrington, hereby certify that on this day I served a copy of the foregoing notice of removal by causing a copy to be sent via United States Postal Service, First Class Mail, postage prepaid, to counsel for the plaintiff, William R. Landry, Esq., Blish & Cavanagh, LLP, 30 Exchange Terrace, Providence, RI 02903.  A courtesy copy was also sent to Mr. Landry via e-mail.

                                                   */s/ James S. Harrington*
                                                   James S. Harrington

DATED: April 6, 2017

35669535.1